IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Settlement of: | ) | No. 36005-9-III |
| | ) | (consolidated with |
| ALYSSA ARELLANO-HAWKINS, | ) | No. 36067-9-III) |
| | ) | |
| An Incapacitated Person. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| In the Matter of the Guardianship of: | ) | |
| | ) | |
| ALYSSA ARELLANO-HAWKINS, | ) | |
| | ) | |
| An Incapacitated Person. | ) | |

PENNELL, A.C.J. — Alyssa Arellano-Hawkins appeals two trial court orders,

denying her motions to seal documents related to a settlement agreement. We affirm

the trial court's decisions not to seal the documents in their entirety. Nevertheless,

because at least some redactions of the records are likely appropriate, we remand for

further proceedings.

FACTS

Alyssa Arellano-Hawkins is an adjudicated incapacitated person. She sued

Deaconess Medical Center for medical malpractice and her attorneys negotiated a

sizeable settlement on her behalf. Counsel for Ms. Arellano-Hawkins moved to approve

the settlement, and to seal the order approving the settlement and disbursing the funds.

The settlement was approved by Benton County Superior Court Judge Samuel Swanberg

pursuant to SPR 98.16W (requiring court approval of settlements involving incapacitated

persons). Judge Swanberg's written order[1] did not specifically address Ms. Arellano-

Hawkins's motion to seal, but the order was filed under a sealed source document

coversheet.

Shortly after the entry of Judge Swanberg's order, Benton County Superior Court

Judge Bruce Spanner entered an order unsealing previously sealed documents. The

majority of these documents were filed in support of the motion to approve settlement and

were presented to the clerk's office as sealed source documents. Judge Spanner found

that the documents should not have been sealed. Among other things, Ms. Arellano-

Hawkins's counsel had never filed a GR 15 motion to seal. Judge Spanner also raised a

concern that counsel for Ms. Arellano-Hawkins had sealed the documents in a nefarious

effort to hide counsel's sizeable fee award from disclosure in counsel's ongoing

dissolution proceedings. Judge Spanner stayed his order in order to permit time for a

GR 15 motion to seal.

---

[1] There is no transcript of the proceedings to approve the settlement in the record on review.

2

Counsel for Ms. Arellano-Hawkins subsequently filed a GR 15 motion to seal the entire court file. In her original briefing, Ms. Arellano-Hawkins requested alternative relief, should the court deny the request to seal the record in its entirety. However, in subsequent briefing, Ms. Arellano-Hawkins stated she was seeking to have the entire court file sealed, as the failure to do so "would deprive Alyssa Hawkins of her equal protection rights and her right to contract under the State and Federal Constitution[s]." Clerk's Papers (CP) at 45. Along with her motion to seal, Ms. Arellano-Hawkins filed a motion to strike portions of Judge Spanner's order. Specifically, Ms. Arellano-Hawkins moved to strike Judge Spanner's factual findings regarding counsel's pending dissolution proceeding.

Ms. Arellano-Hawkins's motions were heard by Benton County Superior Court Judge Cameron Mitchell. Judge Mitchell denied the motion to seal, explaining that the public has an interest in overseeing the court's approval of settlement agreements for incapacitated persons. At no point during the oral proceedings did Ms. Arellano-Hawkins request redaction in lieu of sealing the entire court file. Nor did counsel discuss the motion to strike. Judge Mitchell's written order stated that it denied Ms. Arellano-Hawkins's motion to seal or alternatively redact. The written order did not address the motion to strike. Judge Mitchell's order authorized a stay of the ruling pending appeal.

3

Ms. Arellano-Hawkins's counsel then filed a GR 22 motion to seal financial references and documents in a related guardianship action. Judge Mitchell denied the guardianship motion, explaining that GR 22 should be utilized to seal or redact financial documents that reveal sensitive information, such as Social Security numbers, financial account numbers, or credit card numbers. Again, Judge Mitchell stayed his order pending appeal.

Ms. Arellano-Hawkins appeals the trial court's orders denying her motions to seal the record for her settlement and guardianship actions.

ANALYSIS

We review a trial court's disposition of a motion to seal documents for abuse of discretion. *In re Dependency of M.H.P.*, 184 Wn.2d 741, 752, 364 P.3d 94 (2015). Under this standard, legal issues are reviewed de novo. *Id*. at 752-53. But the trial court's actual exercise of discretion is entitled to considerable deference. A trial court's exercise of discretion will be affirmed unless it is "manifestly unreasonable or based on untenable reasons or grounds." *State v. C.J.*, 148 Wn.2d 672, 686, 63 P.3d 765 (2003).

Court records are presumptively open to the public. *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 535, 540, 114 P.3d 1182 (2005). A trial court should not grant a motion to seal court records unless the movant demonstrates compelling reasons to seal or redact,

4

pursuant to the factors set forth in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d

716 (1982). *See Dreiling v. Jain*, 151 Wn.2d 900, 93 P.3d 861 (2004) (extending the use

of the *Ishikawa* factors to civil proceedings). The "*Ishikawa* factors" include:

> (1) whether the proponent of sealing has established a "serious and
> imminent threat to some . . . important interest,"; (2) whether everyone
> present was given the opportunity to object to sealing; (3) whether the
> requested sealing or redaction is the least restrictive means available to
> effectively protect the threatened interest; (4) the weight of the competing
> interests of the defendant, the public, and alternative means suggested; and
> (5) the scope of the order to ensure that it is no broader in scope or duration
> than necessary.

*In re Marriage of Treseler*, 145 Wn. App. 278, 287, 187 P.3d 773 (2008) (citing

*Ishikawa*, 97 Wn.2d at 37-39).

Ms. Arellano-Hawkins's analysis focuses on the first and fourth *Ishikawa* factors.

She argues her constitutional rights to contract and privacy outweigh the presumption

of openness and the public's interest in her judicial proceedings. She also asserts an

equal protection right to seal her settlement documents, given that individuals who

have not been adjudicated as incapacitated can enter into settlement agreements with

confidentiality provisions limiting disclosure of the terms of the agreement.

We begin with Ms. Arellano-Hawkins's claim regarding the constitutional right

to contract. Both the federal and state constitutions declare that the government shall

not pass laws impairing the right to contract. U.S. CONST., art. I § 10; WASH. CONST.

art I, § 23. These constitutional prohibitions on contractual interference are not absolute.

*Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 428, 54 S. Ct. 231, 78 L. Ed. 413

(1934). Instead, the question is whether a "state law has, in fact, operated as a substantial

impairment of a contractual relationship." *Allied Structural Steel Co. v. Spannaus*,

438 U.S. 234, 244, 98 S. Ct. 2716, 57 L. Ed. 2d 727 (1978).

It is questionable whether a right to contract claim can be made in this case,

given Ms. Arellano-Hawkins is disputing court orders, not a state statute. *See Dep't of*

*Labor & Indus. v. Lyons Enters., Inc.*, 186 Wn. App. 518, 539-40, 347 P.3d 464 (2015).

Nevertheless, Ms. Arellano-Hawkins can show no impairment. The trial court's orders

denying Ms. Arellano-Hawkins's motions to seal did not hinder her ability to contract for

a malpractice settlement. Although the settlement agreement included a confidentiality

clause, the agreement also recognized that the court had authority to override this

provision. CP at 150-51. The trial court's sealing decisions were therefore perfectly

consistent with the terms of Ms. Arellano-Hawkins's settlement agreement and did not

undermine her ability to benefit from the agreement.

Ms. Arellano-Hawkins next claims that the trial court orders violated her

constitutional right to privacy. The right to nondisclosure of private information is

not "a fundamental right requiring utmost protection." *O'Hartigan v. Dep't of Pers.*,

6

118 Wn.2d 111, 117, 821 P.2d 44 (1991). The government may properly require disclosure of confidential information if justified by a valid governmental interest and "provided the disclosure is no greater than is reasonably necessary." *Id.*

Here, there is a valid governmental interest in overseeing the financial and personal affairs of individuals who have been adjudicated as incapacitated. In addition, the constitutional mandate of open administration of justice, WASH. CONST. art. I, § 10, provides an important reason for making court records pertinent to the financial and personal affairs of an incapacitated person available for public inspection. Given these legitimate governmental interests, there is no absolute prohibition on public disclosure of financial and personal records contained within an incapacitated person's court file.

Finally, Ms. Arellano-Hawkins complains that the trial court's orders violate her right to equal protection. She reasons that if she were not an incapacitated person, she would be able to enter into a confidential settlement agreement without court involvement or the risk of disclosing sensitive information.

The constitutional guarantee of equal protection[2] provides that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). But not all persons are

---

[2] U.S. CONST. amend. XIV; WASH. CONST. art. I, § 12.

similarly situated. The government can legitimately distinguish between classes of persons for different treatment in a variety of circumstances. If the classification distinction is suspect, such as a classification based on race, or if the classification impinges on a fundamental right, we will subject the governmental classification decision to heightened scrutiny. *O'Hartigan*, 118 Wn.2d at 122. But in all other instances, the classification decision is reviewed with deference, under the rational basis test. *Id.*

The classification at issue here is between incapacitated persons and nonincapacitated persons. This is not a constitutionally suspect distinction. *Id.* Nor, as explained above, does it implicate a fundamental right. Thus, the distinction between incapacitated persons and nonincapacitated persons at issue in this case is reviewed under the deferential rational basis test.

We find it readily apparent that there are rational distinctions between incapacitated persons and other citizens in the current context. An incapacitated person is a ward of the court. *In re Guardianship of Cornelius*, 181 Wn. App. 513, 523, 326 P.3d 718 (2014). As a result, the financial and personal affairs of an incapacitated person are of court concern. *See, e.g.*, RCW 11.92.040-.043. Given the unique ways that incapacitated persons differ from other citizens, there is a reasonable basis for

differentiating between the settlement records of incapacitated persons and those of other citizens.

In light of the foregoing, Ms. Arellano-Hawkins has not shown that the trial court abused its discretion in refusing to seal her settlement and guardianship records in their entirety. Ms. Arellano-Hawkins argues in the alternative that the trial court should have redacted portions of the record instead of simply denying the motion to seal. This may be true, but the trial court's failure to do so was understandable. Counsel for Ms. Arellano-Hawkins largely abandoned this request and failed to explain how individual redactions would be appropriate under the *Ishikawa* factors. Nevertheless, because Ms. Arellano-Hawkins likely does have significant privacy interests in at least some aspects of the settlement documents and related records, Ms. Arellano-Hawkins's arguments regarding redaction should be taken up on remand, pursuant to the terms of GR 15 and GR 22.

As a final matter, Ms. Arellano-Hawkins claims the trial court erroneously failed to grant her motion to strike portions of Judge Spanner's order unsealing documents. The trial court likely did not address the motion to strike because the bulk of the relief requested was mooted by the rulings on Ms. Arellano-Hawkins's motions to seal. To the extent that there are remaining issues pertaining to Judge Spanner's order, they can be taken up on remand.

9

## CONCLUSION

The trial court's orders denying Ms. Arellano-Hawkins's motions to seal records in their entirety are affirmed. This matter is remanded for consideration of possible redactions under GR 15 and GR 22 and other related issues, consistent with the terms of this decision.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.