89 P.3d 226 (2004)
121 Wash.App. 257
FIRST CLASS CARTAGE, LTD., a Canadian corporation, Appellant,
v.
FIFE SERVICE AND TOWING, INC., a Washington corporation, Respondent.
No. 29870-8-II.
Court of Appeals of Washington, Division 2.
March 2, 2004.
Publication Ordered April 6, 2004.
*227 James W. Feltus, McGavick Graves PS, Tacoma, Counsel for Appellants.
James Morgan Hushagen, Eisenhower & Carlson PLLC, Jennifer Ann Wing, Eisenhower & Carlson PLLC, Tacoma, Counsel for Respondents.
QUINN-BRINTNALL, A.C.J.
In the spring of 2002, Fife Service and Towing, Inc. (Fife Towing) impounded and sold a flatbed trailer belonging to First Class Cartage, Ltd. (First Class). First Class sued, arguing that Fife Towing failed to adequately investigate and establish ownership of the flatbed or to comply with notice requirements of Washington's impound statute. The trial court granted Fife Towing summary judgment and ruled that it had no affirmative duty to locate the owner before selling the flatbed trailer and that it had satisfied statutory notice requirements. We agree with the trial court that Fife Towing had a right to rely on the information provided by the Department of Licensing (DOL) and had no duty to independently investigate and determine the name and address of the legal and registered owners of the vehicle. But because Fife Towing failed to send notice in accord with the information it received from DOL, whether sending notice as it did provided First Class proper notice remains a disputed issue of material fact. Summary judgment was therefore inappropriate, and we reverse and remand.

FACTS
On March 28, 2002, Officer T.L. Rucker of the Tacoma Police Department contacted Fife Towing and requested that it tow and impound a flatbed trailer from 2200 Maxwell Way, Tacoma, Pierce County. The trailer had been left in a parking lot with the permission of the parking lot owner. Tacoma police ticketed the trailer when it was moved to the street to allow the lot to be paved.
Tacoma police provided Fife Towing with an impound form listing the registered owner as "LODE RUNNER TRANSPORT INC. (LESSEE)" and the legal owner as "CIBC FINANCE INC. (LESSOR)." Clerk's Papers (CP) at 26. The trailer was registered in British Columbia, and the ownership information came from the Canadian registered owner system.
Fife Towing sent the "Notice of Vehicle Impound" to Lode Runner, but it received no response for 120 hours.[1] Fife Towing then sent an "Abandoned Vehicle Report" to the DOL on April 2. This time, Fife Towing received different ownership information from DOL:
NLETS TIME: 1102 DATE: 040202 TO: OLYAT
XR.CN0000000
12:03 04/02/2002 03146
12:03 04/02/2002 06255 WAWSP0010
TXT
* * FROM CANADABRITISH COLUMBIA R.O. SYSTEM * * *228 HC BC41028
IC80300
RE VIN:2J9R3A1HXVK001045/
LIC:05141Y STATUS: ACTIVE EXP:2003-02-28
REG:4354518 SINCE:2002-03-06 LCHG:2002-03-09 DECAL# 63579752
1997 JCTR FLDCK TRAILER RED VIN:2J9R3A1HXVK001045
GVW: 999,999 NET WEIGHT: 0 NUM OF OWNERS: 1
C KEAY INVESTMENTS LTD DBA
OCEAN TRAILER (LESSOR)
FIRST CLASS CARTAGE LIMITED
(LESSEE)
100 GOLDEN DR
COQUITLAM BC V3K6T1
NO DRIVER LICENCE ON FILE
NSC NOT*REQD MCA
* * * *LIC HIST* * * *
EFF DATE EXP DATE LIC
2000-09-29 2002-03-06 81173W
1998-10-09 2000-09-29 43068W
1996-11-14 1998-10-09 18155W
* * * *VEH HIST* * * *
2002-03-06 4354518
CP at 32 (emphasis added).
On April 4, within 24 hours of receiving the information from the DOL as statutorily required, Fife Towing sent, via certified mail, return receipt requested, a "Notice of Custody and Sale of Abandoned Vehicle" to First Class at the single address provided. The envelope was addressed as follows:
REGISTERED OWNER OF RECORD
FIRST CLASS CARTAGE LIMITED
100 GOLDEN DR.
COQUITLAM, B.C. V3K6T1
CP at 38. But the notice was returned to Fife Towing. The outside of the envelope was stamped "Moved: address unknown" and contained an additional handwritten notation "wrong company." CP at 38.
Fife Towing did not send notice addressed to C Keay Investments dba Ocean Trailer (Ocean Trailer), apparently because it believed that no address had been provided.[2] After waiting the 15 days required by statute, Fife Towing published a "Notice of Public Auction" in the Tacoma News Tribune on April 22, and the trailer was sold at auction on April 25.
First Class sued Fife Towing in Pierce County Superior Court alleging that it was negligent in providing notice to the legal and registered owners of the flatbed truck and that Fife Towing converted First Class's property. The trial court granted summary judgment for Fife Towing, and First Class appeals.

ANALYSIS
STANDARD OF REVIEW
When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). Like the trial court, we consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. Wilson, 98 Wash.2d at 437, 656 P.2d 1030. If the moving party submits adequate affidavits, the burden shifts to the nonmoving party to set forth specific facts sufficiently rebutting the moving party's contentions and disclosing the existence of a material issue of fact. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wash.2d 1, 13, 721 P.2d 1 (1986). The court should grant a summary judgment motion only if, from all the evidence, reasonable persons could reach but one conclusion. Wilson, 98 Wash.2d at 437, 656 P.2d 1030.
(1) NOTICE REQUIREMENTS UNDER RCW 46.55.110
First Class contends that summary judgment was improper because Fife Towing *229 failed to investigate and locate the lawful owner of the trailer and to comply with the statutory requirement of giving notice to both the registered owner and legal owner of the trailer. Fife Towing argues that it satisfied the notice requirement by giving notice based on the ownership information provided by law enforcement and the DOL. Fife Towing argues that once it complied with that information, it had no duty to investigate further. We agree with the premise of its argument, but we conclude that there was a question of fact as to whether Fife Towing gave notice to the owners as provided by the DOL.[3]
The first relevant section of RCW 46.55.110 reads in part:
When an unauthorized vehicle[[4]] is impounded, the impounding towing operator shall notify the legal and registered owners of the impoundment of the unauthorized vehicle .... The notification shall be sent by first-class mail within twenty-four hours after the impoundment to the last known registered[[5]] and legal[[6]] owners of the vehicle, ... as provided by the law enforcement agency, and shall inform the owners of the identity of the person or agency authorizing the impound.
RCW 46.55.110(1) (emphasis added). The next relevant section provides:
In the case of an abandoned vehicle[7],... within twenty-four hours after receiving information on the owners from the [DOL] through the abandoned vehicle report, the tow truck operator shall send by certified mail, with return receipt requested, a notice of custody and sale to the legal and registered owners and of the penalties for the traffic infraction litteringabandoned vehicle.
RCW 46.55.110(3) (emphasis added).
The law enforcement agency's obligation to the towing or impounding agency arises under RCW 46.55.100(1), which provides that:
A law enforcement agency, or a private communication center acting on behalf of a law enforcement agency, shall within six to twelve hours of the impoundment, provide to a requesting [tow truck] operator the name and address of the legal and registered owners of the vehicle, ... the vehicle identification number, and any other necessary, pertinent information. The initial notice of impoundment shall be followed by a written or electronic facsimile notice within twenty-four hours.
Once the vehicle is considered "abandoned," RCW 46.55.100(2) and (3) govern and require that:
(2) The [tow truck] operator shall immediately send an abandoned vehicle report to the department for any vehicle ....
(3) Following the submittal of an abandoned vehicle report, the department shall provide the registered tow truck operator *230 with owner information within seventy-two hours.
In examining the requirements of the impoundment statute, it is helpful to look at its history. The first towing and impoundment laws of the State of Washington were enacted in 1937 and provided law enforcement with the authority to remove abandoned roadside vehicles. See Br. of Respondent, appendix 1 (Senate Comm. on Transportation, Memorandum, February 18, 1985). In 1969, the legislature changed the statute to allow towing companies to remove the vehicles at the direction of law enforcement, as opposed to removal by law enforcement. Laws of 1969, 1st Spec. Sess., ch. 42, § 7.
Despite various changes, Washington has always required law enforcement agencies or the DOL to provide the vehicle ownership information to the towing company. See, e.g., former RCW 46.52.111(2) (1983) ("The department shall supply the last known names and addresses of registered and legal owners of the vehicle as the names and addresses appear on the records of the department to the registered disposer on request without charge in those cases where the information was not given to the registered disposer by the law enforcement officer.")
In 1985, the legislature created chapter 46.55 RCW, establishing new registration requirements for tow trucks, improved procedures for hearings to contest impoundments, and providing for prompt notification to vehicle owners. SENATE COMM. ON TRANSPORTATION, S.B. REP. on S.B. 3553, at 2, 49th Leg., Reg. Sess. (Wash.1985).[8] The 1985 version of RCW 46.55.110(1) read, in pertinent part:
In the case of an unauthorized vehicle impounded from public property, the law enforcement agency or other public official directing the impoundment ... shall notify the legal and registered owners of the impoundment .... The notification shall be sent by first-class mail within twenty-four hours after the impoundment to the last known registered and legal owners of the vehicle as provided by the law enforcement agency.
Laws of 1985, ch. 377, § 11, subsection 1. (Subsection 2 of the 1985 statute, regarding notice to owners of abandoned vehicles, is identical to subsection 3 of the current statute.)
In 1989, the legislature amended the relevant part of subsection 1 to essentially its current form. The amended statute provided thatinstead of the law enforcement agencythe tow truck operator was to provide notice to the owner:
When an unauthorized vehicle is impounded, the impounding towing operator shall notify the legal and registered owners of the impoundment of the unauthorized vehicle. The notification shall be sent ... to the last known registered and legal owners of the vehicle, as provided by the law enforcement agency, and shall inform the owners of the identity of the person or agency authorizing the impound.
Former RCW 46.55.110(1) (1989) (Laws of 1989, ch. 111, § 10). The source of ownership information was still the law enforcement agency.
First Class argues that RCW 46.55.110(1) and (3) unambiguously require that both the legal and the registered owners be notified of impoundment and sale and that here, such notice required that Fife Towing independently investigate and determine the trailer's ownership before it sold it. Fife Towing responds that the statute does not require that the towing operators look beyond the information supplied by the law enforcement agency or the DOL.
Statutory interpretation is a question of law subject to de novo review. State v. Beaver, 148 Wash.2d 338, 344, 60 P.3d 586 (2002); Berger v. Sonneland, 144 Wash.2d 91, 104-05, 26 P.3d 257 (2001). The reviewing court interprets the statute "to best advance the legislative purpose." State *231 v. C.J., 148 Wash.2d 672, 685, 63 P.3d 765 (2003).
We begin our analysis with the plain meaning interpretation of the relevant statutory language in light of the underlying legislative purposes. Washington Pub. Ports Ass'n v. Dep't of Revenue, 148 Wash.2d 637, 645, 62 P.3d 462 (2003); Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 11, 43 P.3d 4 (2002). We interpret the statute in its entirety, reviewing all provisions of the statute in relation to each other. In re Detention of Williams, 147 Wash.2d 476, 490, 55 P.3d 597 (2002). See also Wagg v. Estate of Dunham, 146 Wash.2d 63, 73, 42 P.3d 968 (2002) (noting that appellate court interprets statutory provision in light of entire statute and the legislature's intent as set forth in the entire act and related statutes).
If the statute is unambiguous, we do not construe its language to discern intent. Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles, 148 Wash.2d 224, 239, 59 P.3d 655 (2002), cert. denied, 538 U.S. 1057, 123 S.Ct. 2221, 155 L.Ed.2d 1107 (2003); State v. Glas, 147 Wash.2d 410, 415, 54 P.3d 147 (2002). A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable. Fraternal Order of Eagles, 148 Wash.2d at 239-40, 59 P.3d 655 (citing State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001), cert. denied, 534 U.S. 1130, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002)).[9]
While it is conceivable that the legislature could require a towing company to investigate ownership, it has not done so. Under RCW 46.55.110(1) and (3), the law enforcement agency and the DOL supply the towing company with the ownership information. Although we agree with First Class that the "shall" language of the statutes requires that notice be given to the legal owner, we find no support for its argument that a towing company is required to investigate and independently determine the lawful legal owner before providing notice and selling apparently abandoned property. We agree with Fife Towing that DOL and law enforcement are the most reliable sources of ownership information.[10] Moreover, it is the only reasonable source considering the tight statutory timeframes. In sum, we find that the requirements of RCW 46.55.110(1) and (3) are clear and unambiguous; law enforcement agencies and the DOL supply the necessary vehicle ownership information. Towing companies may rely on this information and are not required to investigate further.
(2) ALTERING INFORMATION IN THE DOL REPORT
First Class also contends that even if Fife Towing was not required to independently investigate and send notice to the legal owner, it "failed to properly use the information supplied, ... causing the notice to be returned." Br. of Appellant at 14 (emphasis added).
First Class contends that the ownership information supplied by DOL required that Fife Towing include the names of both companies when addressing the abandoned vehicle notice.[11] We agree. Here, Fife Towing twice attempted to notify the lessee. But it did not notify the trailer's legal owner (the lessor), nor did it address the notice according to the information provided by the DOL.[12] The abandoned vehicle notice listed *232 only First Class at the address provided on the notice[13] and the envelope, and the notice was returned to Fife Towing with a handwritten notation of "wrong company" on the envelope. Thus, there is a genuine issue as to whether Fife Towing provided notice to the legal and registered owners as recorded by the DOL.
(3) NEGLIGENCE AND CONVERSION
Finally, First Class contends that Fife Towing's failure to provide notice was a breach of its duty under the statute, that the sale of its trailer constituted conversion, and that summary judgment on these issues was inappropriate. As discussed above, Fife Towing did not give notice to both legal and registered owners at the address DOL provided and thus failed to comply with the statute. Whether this error constituted a breach in any duty or resulted in any injury to First Class (e.g., whether delivery of the notice would have been successful if its notice had been addressed as set forth in the DOL registration information) are issues of material fact that require resolution at trial.
Disputed issues of material fact remain. Summary judgment was inappropriate and we reverse.
HOUGHTON and ARMSTRONG, JJ., concur.
NOTES
[1] By statute, a vehicle is considered abandoned after 120 hours. See RCW 46.55.010(1).
[2] Under British Columbian vehicle regulations, only one address need be provided. See note 3, infra. The record suggests, but does not establish, that 100 Golden Drive, Coquitlam, BC V3K6T1 was Ocean Trailer's address.
[3] Interestingly, the incomplete information regarding the legal owner, or lessor, comes from the vehicle registration system of British Columbia, which appears to require only one address.

[T]he registration information received by British Columbia and supplied by the State of Washington was in full compliance with provincial requirements; a vehicle is properly registered when the following information is provided: (1) the name of the owner followed by the word "lessor"; (2) the name of the lessee of the vehicle, followed by the word "lessee"; (3) the address in the province of either the owner or the lessee of the vehicle. BC Reg. 447/83 (emphasis added).
Br. of Appellant at 14.
[4] Under RCW 46.55.010(13), an "unauthorized vehicle" includes a vehicle that is left unattended in a public location, such as a highway, and remains there for 24 hours after being ticketed.
[5] "`Registered owner' means the person whose lawful right of possession of a vehicle has most recently been recorded with the department." RCW 46.04.460. See also RCW 46.55.105(1) ("The abandonment of any vehicle creates a prima facie presumption that the last registered owner of record is responsible for the abandonment and is liable for costs incurred in removing, storing, and disposing of the abandoned vehicle, less amounts realized at auction.").
[6] "`Legal owner' means a person having a security interest in a vehicle perfected in accordance with chapter 46.12 RCW or the registered owner of a vehicle unencumbered by a security interest or the lessor of a vehicle unencumbered by a security interest." RCW 46.04.270.
[7] "`Abandoned vehicle' means a vehicle that a registered tow truck operator has impounded and held in the operator's possession for one hundred twenty consecutive hours." RCW 46.55.010(1).
[8] Fife Towing notes in its brief that the impetus for the statutory revision was the federal district court's order in a class action lawsuit, Tacoma-Pierce County Employees Credit Union v. Spellman, No. C-81-313(T)C (W.D.Wash.1983), but that that case and the revised statute did not change who was to provide the ownership informationit was still local law enforcement.
[9] Fife Towing also points out that in 2002, the legislature rejected an amendment to RCW 46.55.110 to require the towing operator to make a reasonable effort to determine the owner's telephone number and provide telephone notification. See Br. of Respondent at 17 (citing S.B. 6663, 57th Leg., Reg. Sess. (Wash.2002)). But we do not rely on failure to pass a bill into law. See State v. Cronin, 130 Wash.2d 392, 400, 923 P.2d 694 (1996) (citing Spokane County Health Dist. v. Brockett, 120 Wash.2d 140, 839 P.2d 324 (1992)).
[10] See, e.g., RCW 46.16.010 (requiring the owner of a vehicle to register it before operating the vehicle on the highways of the state.)
[11] First Class might also be arguing that the word "Limited" was omitted, but it was not omitted. It appears that this is how Fife Towing interpreted First Class's argument. ("The word `Lessee' is not part of First Class Cartage's address, and the word `Limited' was not, as the Appellant claims, omitted." Br. of Respondent at 5-6.)
[12] The DOL sent Fife Towing the following information via fax:

NLETS TIME: 1102 DATE: 040202 TO: OLYAT
XR.CN0000000
12:03 04/02/2002 03146
12:03 04/02/2002 06255 WAWSP0010
TXT
* * FROM CANADABRITISH COLUMBIA R.O. SYSTEM * *
HC BC41028
IC80300
RE VIN:2J9R3A1HXVK001045/
LIC:05141Y STATUS: ACTIVE EXP:2003-02-28
REG: 4354518 SINCE: 2002-03-06 LCHG: 2002-03-09 DECAL# 63579752
1997 JCTR FLDCK TRAILER RED VIN:2 J9R3 A1HXVK001045
GVW: 999,999 NET WEIGHT: 0 NUM OF OWNERS: 1
C KEAY INVESTMENTS LTD DBA
OCEAN TRAILER (LESSOR)
FIRST CLASS CARTAGE LIMITED
(LESSEE)
100 GOLDEN DR.
COQUITLAM BC V3K6T1
NO DRIVER LICENCE ON FILE
NSC NOT*REQD MCA
* * * *LIC HIST* * * *
EFF DATE EXP DATE LIC
2000-09-29 2002-03-06 81173W
1998-10-09 2000-09-29 43068W
1996-11-14 1998-10-09 18155W
* * * *VEH HIST* * * *
2002-03-06 4354518
CP at 32 (emphasis added).
[13] The abandoned vehicle notice also listed "C-KEAY INV. DBA OCEAN TRAILER" under "LEGAL OWNER OF RECORD" but did not list any address. CP at 34.