IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KATHRYN M. COX, | ) | No. 83360-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LASHER HOLZAPFEL SPERRY & | ) | |
| EBERSON, PLLC, a Washington | ) | |
| Professional Limited Liability Company; | ) | |
| and MAYA TRUJILLO RINGE and JOHN | ) | |
| DOE RINGE, a marital community, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

HAZELRIGG, J. — Kathryn "Katy"[1] Cox appeals from the summary judgment dismissal of her legal malpractice claim against her former attorney and law firm. She argues the trial court did not follow the proper procedural rules for summary judgment and that she raised genuine issues of material fact as to all four elements of her claim. Because Katy fails to meet her burden as to the element of proximate cause, we affirm the dismissal of her lawsuit.

## FACTS

In May 2016, Katy Cox filed a petition for legal separation from her husband, John.[2] John had filed for dissolution nearly a decade earlier, but dismissed the

---

[1] We use Katy as that is the name the appellant uses for herself in briefing.
[2] Because the parties to the underlying dissolution and their children share a last name, we use their first names for clarity. No disrespect is intended.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

petition after the couple reconciled. Throughout their marriage, John had worked as a vice president of a real estate firm, while Katy stayed home to raise their children. In March 2011, the couple entered into a post-nuptial "Property Settlement Agreement," Katy's 2016 petition for separation requested recognition and enforcement of the agreement. In the proceeding, Katy was represented by attorney Maya Trujillo Ringe[3] of the firm Lasher, Holzapfel, Sperry & Ebberson (LHSE). Trujillo Ringe filed a motion for summary judgment in December 2016, requesting the court enforce the property settlement agreement as procedurally and substantively fair. The court denied the motion. The parties proceeded to trial and the trial court again declined to enforce the agreement after finding it was procedurally and substantively unfair. This court affirmed the ruling in an unpublished opinion.[4]

In November 2020, Katy brought a pro se complaint for legal malpractice against Trujillo Ringe and LHSE. LHSE filed a motion for summary judgment in September 2021, arguing Katy had not established a material issue of fact on the elements of breach, damage, or proximate cause. LHSE noted that Katy had not submitted any expert testimony on the element of breach. The same day LHSE filed its motion for summary judgment, Katy filed a "Supplemental Primary Witness Disclosure" identifying Carolyn Martino, a California family law attorney, as an expert on the legal standard of care. However, no expert opinions were submitted

---

[3] Katy's briefing refers to her former attorney as Ringe, whereas the respondent consistently uses her full last name, Trujillo Ringe. We will again use the name the party uses for herself.

[4] In re Marriage of Cox, No.77634-7-I (Wash. Ct. App. June 10, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/776347.pdf.

as part of the pleading. Two weeks later on October 5, Katy presented a declaration from Martino containing her opinions about the case, along with a response opposing summary judgment. LHSE submitted a reply on October 11, 2021, objecting to Martino's declaration as unqualified and presenting authority on the attorney judgment rule in support of its request for summary judgment dismissal. Katy filed a written objection and provided a supplemental declaration from Martino, which the court allowed.

The trial court considered both expert declarations, the sur-reply from Katy, and LHSE's argument regarding the attorney judgment rule and granted LHSE's motion for summary judgment. The court found Katy failed to raise a material issue of fact because Trujillo Ringe's decisions were covered by the attorney judgment rule.[5] Katy timely appealed.

ANALYSIS

I. Introduction

Summary judgment proceedings are governed by CR 56. Dismissal on summary judgment "shall" be ordered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

---

[5] Under this rule, an attorney cannot be liable for making an allegedly erroneous decision involving honest, good faith judgment if (1) that decision was within the range of reasonable alternatives from the perspective of a reasonable, careful and prudent attorney in Washington; and (2) in making that judgment decision the attorney exercised reasonable care. Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C. (Clark County Fire), 180 Wn. App. 689, 704, 324 P.3d 743, (2014); see also Cook, Flanagan & Berst v. Clausing, 73 Wn.2d 393, 438 P.2d 865 (1968); Halvorsen v. Ferguson, 46 Wn. App. 708, 735 P.2d 675 (1986).

As a secondary matter, Katy assigns error to the court's consideration of the attorney judgment rule, characterizing it as both an unpleaded affirmative defense and new issue raised for the first time in reply. Because we may consider all relevant case law when conducting de novo review of summary judgment proceedings, we need not reach these assignments of error.

CR 56(c). This court reviews an order of dismissal on a motion for summary judgment de novo, conducting the same inquiry as the trial court. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998); Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 922, 296 P.3d 860 (2013). We take "'all facts and inferences in the light most favorable to the nonmoving party.'" Jackowski v. Borchelt, 174 Wn.2d 720, 729, 278 P.3d 1100 (2012) (quoting Biggers v. City of Bainbridge Island, 162 Wn.2d 683, 693, 169 P.3d 14 (2007)); see also Folsom, 135 Wn.2d at 663. "We may affirm on any basis supported by the record whether or not the argument was made below." Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016), as modified Dec. 15, 2016. A defendant may prevail on summary judgment if they make an initial showing that there is an "absence of an issue of material fact," and the plaintiff in response fails to establish a genuine question of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

To survive summary judgment, a plaintiff seeking relief for negligence "must establish an issue of material fact as to each element of negligence"—duty, breach, causation and damage. Walter Family Grain Growers, Inc. v. Foremost Pump & Well Servs., LLC, __ Wn. App. 2d __, 506 P.3d 705, 710 (2022). However, the elements of legal negligence vary slightly from the elements of general negligence.[6] They are: (1) the existence of an attorney-client relationship creating

---

[6] Courts seem to use "legal negligence" and "legal malpractice" somewhat interchangeably. See Hizey v. Carpenter, 119 Wn.2d 251, 830 P.2d 646 (1992) ("legal malpractice"); Clark County Fire, 180 Wn. App. 689 ("legal negligence"); Arden v. Forsberg & Umlauf, P.S., 193 Wn. App. 731, 373 P.3d 320 (2016), aff'd but criticized, 189 Wn.2d 315, 402 P.3d 245 (2017) ("legal malpractice"); Spencer v. Badgley Mullins Turner, PLLC, 6 Wn. App. 2d 762, 432 P.3d 821 (2018) ("legal malpractice"). We use "legal malpractice" to mirror the language of the complaint.

a duty of care, (2) breach of that duty, (3) damage, and (4) proximate causation between the breach and the damage. Smith v. Preston Gates Ellis, LLP, 135 Wn. App. 859, 863–64, 147 P.3d 600 (2006). Both parties agree there was an attorney-client relationship between Katy and Trujillo Ringe giving rise to a duty of care; their dispute centers on the remaining elements.[7]

II.     Proximate Cause

Proximate cause in a legal negligence claim is "no different . . . than in an ordinary negligence" claim where a plaintiff must demonstrate cause in fact and legal causation. Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 328, 111 P.3d 866 (2005). In analyzing such a claim, "it is important to understand that an attorney is not a guarantor of success and is not responsible for a 'bad result' unless the result was proximately caused by a breach of the attorney's duty of care." Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C. (Clark County Fire), 180 Wn. App. 689, 701, 324 P.3d 743, (2014). Therefore, a "plaintiff must demonstrate that [they] would have achieved a better result had the attorney not been negligent." Versuslaw, Inc., 127 Wn. App. at 328.

---

[7] LHSE has asked this court to examine the issue of whether the trial court erred by declining to strike the expert declaration. The issue is not properly before this court. Under RAP 10.3(b), "[i]f a respondent is also seeking review, the brief of respondent must state the assignments of error and the issues pertaining to those assignments of error presented for review by respondent and include argument of those issues." While argument is presented, LHSE did not cross-appeal the trial court's decision not to strike Martino's expert testimony.

Alternatively, under RAP 2.4(a), "[t]he appellate court will, at the instance of the respondent, review those acts in the proceeding below which if repeated on remand would constitute error prejudicial to respondent." Even if the trial court erred by failing to strike Martino's declaration and regardless of whether the declaration was deficient, the trial court ruled in favor of the respondent. Therefore the decision was not prejudicial against them.

While generally proximate cause is left for a jury, it can be determined on summary judgment "if 'reasonable minds could not differ.'" Smith, 135 Wn. App. at 864 (quoting Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999)). To survive summary judgment and reach the "trial within a trial" stage, "the plaintiff must produce evidence that the error in judgment did in fact affect the outcome." Clark County Fire, 180 Wn. App. at 707 (quoting Kommavongsa v. Haskell, 149 Wn.2d 288, 300, 67 P.3d 1068 (2003)). If the defendant demonstrates "'that there is an absence or insufficiency of evidence supporting an element that is essential to the plaintiff's claim,'" they are entitled to summary judgment dismissal. Slack v. Luke, 192 Wn. App. 909, 915, 370 P.3d 49 (2016) (quoting Tacoma Auto Mall, Inc. v. Nissan N. Am., Inc., 169 Wn. App. 111, 118, 279 P.3d 487 (2012)).

In her briefing, Katy focuses on the general rule that proximate cause is a question for a jury, ignoring the established exception that if reasonable minds could not differ, summary judgment on proximate cause is permitted. In her response opposing summary judgment presented to the trial court, Katy stated she provided "critical" evidence that was omitted in the underlying dissolution, namely testimonial and documentary evidence that "Mr. and Mrs. Cox had engaged in several years of discussions and negotiations that culminated in the Property Settlement Agreement." In her reply brief on appeal, Katy directs this court to a declaration from John Jake Cox, one of her adult sons, as an offer of his potential testimony. However, the declaration provides minimal information as to the "years of settlement discussions," stating only "[w]hile it's certainly hard to believe that

someone who deals with contracts intimately for work would neglect to seek legal eyes for something like this, his statement does, frankly, fit with his pattern of doing the bare minimum." John Jake does not otherwise discuss the timeline of the settlement discussions. Further, the declaration is unsigned. Katy next directs this court to a signed declaration by Andrew Cox, another adult son, but he likewise does not discuss the timeline of the settlement discussions between his parents. Third is a declaration by Jessica Cox, Katy's adult daughter, who does discuss seeing drafts of the agreement with "handwritten edits," and states she witnessed discussions of terms over the course of "months, maybe even years." Finally, Katy submitted emails between herself and John referencing the agreement.

However, Trujillo Ringe used the declaration by Jessica to impeach John at trial and John admitted on cross-examination that all four children[8] had filed "declarations about both the long-term negotiations that went into that contract, the postnup." Trujillo Ringe also elicited testimony from John that settlement discussions were taking place "from 2008 to 2011," and that there were "3 years of, quote, negotiating."

More critically, while Katy eventually presented expert declarations with her opposition to the motion for summary judgment, which included Martino's opinion that LHSE did not meet the appropriate standard of care due to failure to develop and introduce evidence,[9] the alleged impact of these errors on Katy's case is not

---

[8] While John and Trujillo Ringe refer to declarations by all four children, Katy only references three of the children's declarations in her briefing.

[9] Specific errors include failures to: "properly investigate and evaluate the competency of her own client [Katy]," "properly investigate the underlying facts and claims by not interviewing key witnesses," "properly prepare for trial or substitute a different attorney who was not distracted by personal issues," "provide information to her client about the possible outcomes of trial," "to secure

sufficiently developed to connect LHSE's specific conduct to the ultimate failure of Katy's case. Assuming, without deciding, that Martino was properly qualified to offer an expert opinion, her declaration does not establish a material question of fact as to proximate cause. Martino alleges Trujillo Ringe failed to secure experts or call certain witnesses, but does not identify who those experts should have been or what their testimony would have been to support her conclusory statement that "[t]he outcome was critically impacted by [Trujillo Ringe's] failure, and it is undeniable."

When a party brings a summary judgment challenge to a claim, the burden shifts to the non-moving party to demonstrate a genuine issue of material fact as to any disputed elements. "[A]n adverse party may not rest upon the mere allegations or denials of a pleading" but must "set forth specific facts showing that there is a genuine issue for trial." CR 56(e). If they fail to do so, "summary judgment, if appropriate, shall be entered against the adverse party." CR 56(e). See also First Class Cartage, Ltd. v. Fife Serv. & Towing, Inc., 121 Wn. App. 257, 262, 89 P.3d 226 (2004) ("If the moving party submits adequate affidavits, the burden shifts to the nonmoving party to set forth specific facts sufficiently rebutting the moving party's contentions and disclosing the existence of a material issue of fact."). Once LHSE put the element of proximate cause at issue, Katy bore the burden to prove the existence of a genuine issue of material fact in order to survive summary judgment. Setting aside the parties' dispute as to her qualification as an expert, Martino's declaration provided only conclusory statements without noting

---

mental health experts," "secure a forensic accountant expert," "call witnesses . . . to directly address and refute facts being put forth by Mr. Cox."

the basis of knowledge or foundation for those assertions. More critically, however, she neglected to identify what evidence particular investigation would have produced, experts who would have provided the testimony she states was critical and how that would have changed the outcome for Katy.

Accordingly, Katy fails to raise a material question of fact as to proximate cause. "[R]easonable minds could reach but one conclusion" as to this element, and summary judgment dismissal was proper. See Slack, 192 Wn. App. at 919. Because we may affirm on any basis in the record when conducting a de novo review of summary judgment proceedings, we need not reach the other assignments of error.

Affirmed.

WE CONCUR:

- 9 -